## SAFETY ELECTRIC CONST. CO. *v.* CREAMER.

(*Supreme Court, General Term, First Department.* June 29, 1892.)

INJUNCTION PENDENTE LITE—ACCOUNTING—PRAYER.

In an action for an accounting, where an injunction is asked *pendente lite,* it appeared by the complaint that plaintiff was licensee of defendant under letters patent; that plaintiff was to pay, from time to time, royalties out of profits from the sales of machines; that all royalties due to December 8, 1891, had been paid; that no profits were made after said date, and no royalties were due, unless weekly installments of $30 each; that the contract provided that, if plaintiff failed to perform the conditions thereof, including payment of guarantied royalties of $30 a week,

defendant might serve a 60-days notice on plaintiff, terminating its rights, unless within that time its debt should be paid; that such notice was served January 30, 1892, after which plaintiff tendered the amount it considered due, and offered to pay any further amount defendant might show was due; that defendant refused to accept any amount except $500 and $30 a week; that plaintiff was ready to pay whatever amount was due, and offered to allow defendant to fully examine all its books, to ascertain what was due; that defendant refused to do so, but threatens to insist upon forfeiture of plaintiff's rights; that an accounting was necessary to ascertain profits, if any, on which royalties are due; that the only specific relief prayed was an accounting, with prayer for general relief.  *Held*, that the ultimate purpose of the action is not an injunction, but an accounting, and demand for injunction in the complaint was not necessary, as required by Code Civil Proc. § 603, where an injunction is the ultimate purpose of the bill.

Appeal from special term, New York county.

Action by Safety Electric Construction Company against Henry Creamer for an accounting, in which an injunction is asked against enforcing a forfeiture *pendente lite.* From an order continuing the injunction the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Straley, Hasbrouck & Schloeder,* (*John A. Straley,* of counsel,) for appellant. *Chandler, McKinley & Bisbee,* (*Sumner C. Chandler,* of counsel,) for respondent.

PER CURIAM. The injunction in this case was properly maintained by the court below, under all the facts and circumstances as they appear in the motion papers. The plaintiff was the licensee of the defendant under certain letters patent for electrical inventions which had been issued to the defendant by the United States, and as such licensee was required to pay, from time to time, royalties out of profits arising from the sales of machines made by it under said license. It appears from the complaint that the plaintiff, up to the 8th of December, 1891, had paid all the royalties that were due to the defendant, and that it claims that no profits were made from the sale of the machines so as to entitle the defendant to royalties after the 8th day of December, 1891, and that no royalties were due unless it may be for fixed weekly installments of $30 each, also provided for by the contract between the parties. It further appears from the complaint that the contract between the plaintiff and the defendant contained a clause of forfeiture, to the effect that if the plaintiff failed to perform the conditions of the contract, including the payment of guarantied royalties of $30 a week, the defendant might serve a notice upon the plaintiff, which would terminate the plaintiff's rights 60 days after the service of such notice, unless within that period the indebtedness of the plaintiff should be paid. It further appears that on the 30th day of January, 1892, the defendant did serve a notice of the character referred to, and that thereafter the plaintiff offered or tendered to the defendant the amount which it, the plaintiff, considered to be due under the contract, and also offered to pay any further amount which the defendant might show was due thereunder, although at the same time it denied that anything was due; that the defendant refused to accept any amount unless the plaintiff would pay, not only the $30 a week, which was a guarantied amount, but $500 more than that. It is further recited in the complaint that the plaintiff is ready and willing to pay to the defendant whatever amount may be due, and that the plaintiff offered to the defendant the opportunity to fully examine all of the plaintiff's books, so that it might be ascertained whether or not anything more than the $30 a week was due; that this offer to examine the books the defendant did not avail himself of, and that a threat is made by the defendant to insist upon the forfeiture referred to by reason of the nonpayment of the demand which the defendant made. It is also stated in the complaint that this dispute existed between the plaintiff and the defendant with reference to the amount for which the former is liable for royalties, and that an account is necessary

to ascertain the profits, if any there are, which were realized by the plaintiff from the sale and manufacture of machines under the contract mentioned; and the relief, and the only specific relief, prayed for in the complaint, is that an accounting may be had between the plaintiff and the defendant touching the matters hereinbefore referred to, and that it be ascertained what sum or sums, if any, are due by either of the parties to the other concerning the matters relating to the contract between them; but there is also the general prayer for relief in equitable actions. The injunction was issued on papers which clearly supported the application. On a motion to continue it *pendente lite* an order was made to that effect, and from that order this appeal is taken.

The only question requiring consideration is as to the right of the plaintiff to an injunction pending the suit as a matter of law; and the claim is made on behalf of the appellant that the failure of the plaintiff to ask or demand an injunction in his complaint is fatal to its continuance. It is entirely clear, under section 603 of the Code, that where an injunction is the ultimate purpose of the action, and is the relief to be awarded by final decree, the complaint must not only set forth the facts, but the demand for an injunction must also be made therein. But an examination of the complaint in this action will disclose that that is not the nature of the action at all. This bill is filed simply for an accounting. The plaintiff merely asks for an adjudication of the matters in dispute between it and the defendant with reference to the defendant's right, in the first place, to royalties at all, and, in the second place, if the right exists, as to the amount; or, in other words, the court is asked to ascertain whether the liability exists, and, if so, to what extent. But as, in the mean time, the enforcement of that provision of the contract which would cause the forfeiture would destroy all the plaintiff's rights, the injunction is asked for by reason of that circumstance, which is really extrinsic to the plaintiff's cause of action, although the plaintiff sets forth in the complaint the facts which necessitate the taking of the account. We are not to consider upon this appeal the sufficiency of the complaint, or the right of the plaintiff to insist upon the remedy, but only, upon extrinsic facts, as to its right to an injunction under the circumstances. We therefore are of the opinion that the injunction was properly maintained in the court below, and that the order appealed from must be affirmed, with $10 costs and disbursements.